UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Premiere Antoine Pouncey, ) | Civil Action No.: 4:23-cv-03215-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Christopher Zane Bryant, Alan Lenneau ) | |
| Berry, Jr., Latta Police Department ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court for consideration of Plaintiff Premiere Antoine Pouncey's objections to the Report and Recommendation ("R & R") of the United States Magistrate Judge Thomas E Rogers, III. *See* ECF Nos. 8 & 10. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint with prejudice and without issuance and service of process as frivolous. ECF No. 8.[1]

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's R & R to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff, proceeding pro se, filed this action against Defendants Christopher Zane Bryant, Alan Lenneau Berry, Jr., and Latta Police Department (collectively "Defendants") pursuant to 42 U.S.C. § 1983. *See* ECF No. 1.

Plaintiff's claims arise from the circumstances surrounding a traffic stop. During that traffic stop, Defendant Bryant, a police officer, asked Plaintiff for his driver's license and registration. ECF No. 1 at p. 5. Instead of a driver's license, Plaintiff gave Defendant Bryant "an Affidavit of Truth disclosing [his] intent and preservation of [his] right to travel" and later his Passport Card *Id*. Plaintiff alleges after that, Defendant Bryant "forced [him] out of [his] conveyance . . . forcefully kidnapped [him] . . . [and] falsely arrested" him. *Id*. Plaintiff also alleges Defendant Bryant "robbed [him] of conveyance, conveyance placard, and Passport Card, of which none have been returned to date." *Id*. Plaintiff alleges he was incarcerated for two days and filed a motion to quash for lack of personal jurisdiction, which Defendant Berry, a Municipal Judge/Magistrate, denied as

meritless. *Id*. Plaintiff contends Defendant Berry eventually "violate[d] [Plaintiff's] God-given liberty and unlawfully ordered [his] arrest for a debt created from a statutory violation." *Id*. at p. 6.

Plaintiff alleges he was kidnapped and falsely arrested and that Defendants deprived him of his "God inherited freedoms" and his first, fourth, eight, and fourteenth amendment rights. *Id*. at pp. 3–4. Plaintiff also alleges violations of several South Carolina laws and, as to Defendant Berry, violations of the South Carolina Judicial Code of Conduct. *Id*. at p. 4. Plaintiff alleges economic and psychological injuries, and requests an acknowledgment of unconstitutional acts, a cease and desist order, and $55,000,000. *Id*. at p. 6.

As noted by the Magistrate Judge, this Court has the inherent authority to ensure that a plaintiff has standing, subject matter jurisdiction exists, and the case is not frivolous. *See Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012). "A suit is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Magistrate Judge recommended summarily dismissing Plaintiff's complaint as frivolous, noting "Plaintiff's complaint has many of the hallmarks of and appears to be premised on 'sovereign citizen' theories[,]" and Plaintiff's "arguments and allegations are based on indisputably meritless legal theories and lack an arguable basis in law or fact." ECF No. 8 at pp. 4–5. The Magistrate Judge also cited *Younger*[2] abstention as to the entire action and judicial immunity as to Defendant Berry as additional/alternative grounds for summary dismissal. *Id*. at pp. 4–5.

Plaintiff objects to the Magistrate Judge's finding that his claims, including his First Amendment claim, are frivolous and based on sovereign citizen based theories. ECF No. 10 at p. 2. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal

---

[2]     *Younger v. Harris*, 401 U.S. 37 (1971).

3

government lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Gaskins v. South Carolina*, No. 2:15-CV-2589 DCN, 2015 WL 6464440, at *3 (D.S.C. Oct. 26, 2015); *see also id.* (collecting cases of rejections of "sovereign citizen" theories and summarily dismissing a fee paid pro se action). Although Plaintiff does not specifically identify himself as a sovereign citizen, Plaintiff's allegations appear to rest on his belief that his status as a "private American (without the U.S.),"[3] frees him from the state law requiring a valid driver's license[4] so that his arrest, which he also refers to as kidnapping, and any subsequent proceedings were unlawful and in violation of his liberties inherited from God. *See* ECF No. 1. Such theories are in line with the theory adopted by sovereign citizen's that the government lacks authority to regulate their behavior, and such theories have been consistently rejected by federal courts as frivolous. *Nunez v. D.T.C.*, No. 4:13-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013). As such, this Court agrees with the Magistrate Judge that Plaintiff's claims appear to rest on sovereign citizen theories and are therefore subject to summary dismissal as frivolous.

Plaintiff does not specifically object to the Magistrate Judge's finding that Plaintiff's claims

---

[3]   Plaintiff contends Defendants had no personal jurisdiction over him. ECF No. 1. Instead of giving Defendant Bryant a valid driver's license, Plaintiff gave Defendant Bryant "an Affidavit of Truth disclosing [his] intent and preservation of [his] right to travel." ECF No. 1 at p. 5. Plaintiff also alleges he gave Defendant Bryant, Defendant Berry, and South Carolina government officials notice of his "standing as a private American (without the U.S.)." *Id*. This Court notes Plaintiff's Complaint bears several hallmarks of the sovereign citizen movement– a red thumbprint near the signature, Plaintiff's zip code in brackets, and a reference to UCC 1-308. ECF No. 1. at pp. 2, 7; *see* Federal Bureau of Investigation, Domestic Terrorism Operations Unit II, "Sovereign Citizens: An Introduction for Law Enforcement "(Nov. 2010) https://info.publicintelligence.net/FBI-Sovereign Citizens.pdf (last visited Aug. 23, 2023) (providing possible indicators of sovereign citizen activities include the presence of a red thumbprint near a signature and zip codes enclosed in brackets); *Pinckney v. United States*, No. 9:20-3141-BHH-MHC, 2020 WL 8083698, at *4 (D.S.C. Dec. 16, 2020), *report and recommendation adopted*, No. 9:20-CV-3141-BHH, 2021 WL 75175 (D.S.C. Jan. 8, 2021) (noting sovereign citizens sometimes base their theories on the Uniform Commercial Code ("UCC")).

[4]   Section 56-1-20 of the South Carolina Code Annotated provides "[n]o person, except those expressly exempted from this article shall drive any motor vehicle upon a highway in this State unless such person has a valid motor vehicle driver's license issued to him under the provisions of this article."

4

as to Defendant Berry should be dismissed on the basis of judicial immunity. Nevertheless, upon a de novo review, this Court agrees with the Magistrate Judge and finds Defendant Berry is entitled to judicial immunity. *See Guion v.* Marsh, 806 Fed. Appx. 252, 253 (affirming the district court's sua sponte dismissal of a defendant on the basis of absolute judicial immunity); *see also Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").[5]

To the extent Plaintiff asserts claims based on South Carolina law, the Court abstains from exercising jurisdiction over those claims. Such claims can be considered by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367. However, federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." Here, as previously noted, Plaintiff's federal claims are subject to summary dismissal. Thus, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

---

[5] Plaintiff also does not specifically object to the Magistrate Judge's finding that Plaintiff's claims are subject to summary dismissal based on *Younger* abstention. However, this Court cannot dismiss this entire action based on *Younger* abstention because Plaintiff requests money damages. *See Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) (noting a claim that seeks money damages in addition to injunctive or declaratory relief does not preclude abstention as to the action, but noting "the appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims."). As such, summary dismissal of this action is based on frivolity as to the entire action and judicial immunity as to Defendant Berry

5

balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 8] as modified and **DISMISSES** Plaintiff's complaint *with prejudice* and without issuance and service of process. Furthermore, the Court declines to exercise supplemental jurisdiction over any state law claims.

**IT IS SO ORDERED.**

Florence, South Carolina  
August 29, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge